

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 23, 2025**

_(signature)_

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **CASE NO.: 25-31144-sgj11** |
| **8787 RICCHI LLC,** | § | |
| | § | **Chapter 11** |
| Debtor. | § | |
| | § | |

---

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING
### SECOND AMENDED PLAN OF REORGANIZATION FOR THE DEBTOR

---

The above-captioned debtor and debtor in possession (the "**Debtor**") having:

a.  commenced this chapter 11 case (the ("**Chapter 11 Case**") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on March 31, 2025.

b.  continued to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

c.  filed, on July 31, 2025, (i) the *Second Amended Plan of Reorganization for 8787 Ricchi LLC* [Docket No. 104] (the "**Solicited Plan**"); and (ii) the solicited version of the *Second Amended Disclosure Statement for 8787 Ricchi LLC* [Docket No. 103] (the "**Disclosure Statement**");

d.      obtained, on July 23, 2025, the *Order (I) Approving Second Amended Disclosure Statement for the Second Amended Plan of Reorganization for 8787 Ricchi LLC, (II) Scheduling a Hearing to Consider Confirmation of the Joint Plan, (III) Establishing Voting and Objection Deadlines, and (IV) Approving Balloting, Solicitation, Notice, and Voting Procedures* [Docket No. 100] (the "**Disclosure Statement Order**");

e.      filed, on July 31, 2025, the *Notice of Hearing to Consider Confirmation of Debtor's Second Amended Plan of Reorganization* [Docket No. 105] (the "**Confirmation Hearing Notice**");

f.      caused solicitation materials and notice of the deadlines for voting on the Plan (as defined below) and objecting to confirmation of the Plan to be mailed on August 1, 2025, consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Bankruptcy Local Rules of the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**"), and the Disclosure Statement Order, which Disclosure Statement Order also approved, among other things, voting and tabulation procedures (the "**Voting Procedures**") and related notices, forms, and Ballots;

g.      filed, on August 29, 2025, the *Notice of Filing Plan Supplement to the Second Amended Plan of Reorganization for the 8787 Ricchi LLC* [Docket No. 112] (the "**Plan Supplement**");

h.      filed, on September 5, 2025, the *Notice of Filing Plan Modification to the Second Amended Plan of Reorganization for 8787 Ricchi LLC* [Docket No. 115] (the "**First Plan Modification**");

i.      filed, on September 8, 2025, the *Notice of Filing Second Plan Modification to the Second Amended Plan of Reorganization 8787 Ricchi LLC* [Docket No. 120] (the "**Second Plan Modification**" and together with the Solicited Plan and the First Plan Modification, the "**Plan**"), a copy of which is annexed hereto as **Exhibit A**; and

j.      filed, on September 8, 2025, the *Declaration of Jeffery M. Veteto Regarding the Tabulation of Votes in Connection with the Second Amended Plan of Reorganization for 8787 Ricchi LLC* [Docket No. 119] (the "**Voting Declaration**").

The Court having:

a.      set July 25, 2025, as the voting record date (the "**Voting Record Date**");

b.      set August 1, 2025, as the date by which the Debtor must mail the solicitation materials;

c.      set September 2, 2025, at 4:00 p.m. (Prevailing Central Time) as the deadline by which objections to the Confirmation of the Plan must be filed (the "**Confirmation Objection Deadline**");

d.      set September 5, 2025, at 4:00 p.m. (Prevailing Central Time) as the deadline by which Ballots must be received by the Debtor's counsel (the "**Voting Deadline**");

e.        set September 8, 2025, as the deadline by which the Debtor shall file the Voting Declaration;

f.        reviewed the Plan, the Plan Supplement, the Plan Modifications, the Voting Declaration, and all pleadings, exhibits, statements, responses, and comments regarding Confirmation, including any and all objections, statements, and reservations of rights filed by parties in interest on the docket of the Chapter 11 Case;

g.        held the Confirmation Hearing on September 9, 2025;

h.        heard the statements, arguments, and objections, if any, made by counsel in respect of Confirmation;

i.        considered all oral representations, testimony, documents, filings, and other evidence regarding Confirmation;

j.        taken judicial notice of all pleadings and other documents filed, all orders entered, and all evidence and arguments presented in the Chapter 11 Case; and

k.        overruled any and all objections to the Plan and to Confirmation and all statements and reservations of right not consensually resolved or withdrawn unless otherwise indicated herein.

**NOW**, **THEREFORE**, the Bankruptcy Court having found that notice of the Confirmation Hearing and the opportunity for any party in interest to object to Confirmation have been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of Confirmation, and the record established at the Confirmation Hearing, as well as the entire record of the Chapter 11 Case, establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefor, the Bankruptcy Court hereby makes and issues the following Findings of Fact and Conclusions of Law, and Orders:

## <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

**IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:**

**A.      Findings and Conclusions.**

1.        The findings and conclusions set forth herein and on the record of the Confirmation Hearing constitute the Bankruptcy Court's findings of fact and conclusions of law under Rule 52 of

the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. The findings and conclusions of the Bankruptcy Court pursuant to Bankruptcy Rule 7052 set forth in the record at the Confirmation Hearing, if any, are incorporated as if set forth herein.  To the extent any of the following conclusions of law constitute findings of fact, or vice versa, they are adopted as such.

**B.      Jurisdiction, Venue, and Core Proceeding.**

2.      The Court has jurisdiction over the Chapter 11 Case pursuant to section 1334 of title 28 of the United States Code.  The Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.  Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Plan is a core proceeding within the meaning of section 157(b)(2) of title 28 of the United States Code, and the Bankruptcy Court may enter a final order consistent with Article III of the United States Constitution.

**C.      Eligibility for Relief.**

3.      The Debtor was and is an entity eligible for relief under section 109 of the Bankruptcy Code.

**D.      Commencement and Joint Administration of the Chapter 11 Case.**

4.      On the Petition Date, the Debtor commenced a chapter 11 case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor has operated its business and managed its property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committee of unsecured creditors was appointed in the Chapter 11 Case (the "**Committee**").  No trustee or examiner has been appointed in the Chapter 11 Case.

E.    **Judicial Notice.**

5.    The Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Bankruptcy Court, including all pleadings and other documents filed, all orders entered, all hearing transcripts, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Case.

F.    **Notice.**

6.    Due, timely, proper, and adequate notice of the Plan and the Confirmation Hearing, together with the deadlines for voting to accept or reject the Plan as well as objecting to the Plan, has been provided substantially in accordance with the Disclosure Statement Order.

7.    Such notice was appropriate and satisfactory based upon the facts and circumstances of the Chapter 11 Case and pursuant to sections 1125 and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3018, and 3020, and other applicable laws and rules.  Because such transmittal and service were adequate and sufficient, no other or further notice is necessary or shall be required, and due, proper, timely and adequate notice of the Confirmation Hearing has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable nonbankruptcy law.

G.    **Solicitation.**

8.    The Solicited Plan, the Plan Supplement, the Disclosure Statement, the Ballots, the Confirmation Hearing Notice, and the other materials distributed by the Debtor in connection with solicitation of the Solicited Plan (collectively, the "**Solicitation Package**"), as well as the Solicited Plan and the Plan Supplement, were transmitted and served in compliance with the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, with the Local Rules, and with the Voting Procedures approved by the Disclosure Statement Order.

9.    As set forth in the Certificate of Service [Docket No. 109] the Solicitation Package was transmitted to and served on the eligible Holders of Claims in the Classes of Claims entitled to vote

5

to accept or reject the Plan (the "**Voting Classes**").  Each Holder of a Claim in the Voting Classes received a Ballot.  The form of the Ballots adequately addressed the particular needs of the Chapter 11 Case and was appropriate for the Holders of Claims in each Voting Class.  The instructions on each Ballot advised that for the Ballot to be counted, the Ballot must be properly executed, completed, and delivered on or before the Voting Deadline.  The period during which the Debtor solicited acceptance of the Plan was a reasonable period of time for Holders of Claims in the Voting Classes to make an informed decision to accept or reject the Plan.

10.     As set forth in the Certificate of Service [Docket No. 110] the Disclosure Statement Order and Notice of the Confirmation Hearing were mailed to all Holders of Claims in non-voting Classes.

11.     As described in and as evidenced by the Voting Declaration, the transmittal and service of the Solicitation Package (all of the foregoing, the "**Solicitation**") was timely, adequate, and sufficient under the circumstances and no other or further Solicitation was or shall be required.  The Solicitation complied with the Voting Procedures, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Case, was conducted in good faith and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Disclosure Statement Order, and any other applicable rules, laws, and regulations.

## H.     Voting.

12.     On September 8, 2025, the Voting Declaration was filed with the Bankruptcy Court, certifying the method and results of the Ballots tabulated for the Voting Classes.  The results of the Voting Declaration are adopted as findings of the Bankruptcy Court and are incorporated by reference herein.  As evidenced by the Voting Declaration, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the

Bankruptcy Rules, the Voting Procedures, and the Local Rules. Class 5 had no votes. Classes 4, 6, and

7 voted to accept the Plan. Class 3 voted to reject the Plan.

**I.      Plan Supplement.**

13.      The Debtor filed the Plan Supplement consisting of, *inter alia*: the Schedule of

Executory Contracts to be Assumed.

14.      All such materials comply with the terms of the Plan, and the filing and notice of the

Plan Supplement was proper and in accordance with the Plan, the Bankruptcy Code, the Bankruptcy

Rules, the Local Rules, and all applicable law and no other or further notice is or shall be required.

Subject to the terms of the Plan, the Debtor may alter, amend, update, or modify the Plan Supplement

before the Effective Date.

**J.      Modifications of the Plan.**

15.      Pursuant to and in compliance with section 1127 of the Bankruptcy Code and

Bankruptcy Rule 3019, the Debtor proposed certain modifications to the Solicited Plan as reflected

herein, and in the Plan Modifications prior to entry of this Confirmation Order.  In accordance with

Bankruptcy Rule 3019, the Plan Modifications do not (a) constitute material modifications of the

Solicited Plan under section 1127 of the Bankruptcy Code, (b) cause the Plan to fail to meet the

requirements of sections 1122 or 1123 of the Bankruptcy Code, (c) materially and adversely change

the treatment of any Claims, (d) require re-solicitation of any Holders of any Claims or Interests, or

(e) require that Holders of Claims in the Voting Classes be afforded an opportunity to change their

previously cast acceptances of the Solicited Plan.  Under the circumstances, the form and manner of

notice of the proposed Plan Modifications is adequate, and no other or further notice of the proposed

Plan Modifications is necessary or required.  In accordance with section 1127 of the Bankruptcy Code

and Bankruptcy Rule 3019, all Holders of Claims who voted to accept the Solicited Plan or who are

conclusively presumed to have accepted the Solicited Plan are deemed to have accepted the Plan as

modified by the Plan Modifications. The Holders of Claims in the Voting Classes are not permitted to change their respective acceptances to rejections as a consequence of the Plan Modifications.

**K.        Bankruptcy Rule 3016.**

16.        In accordance with Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtor and others as the Plan Proponents within the meaning of section 1129 of the Bankruptcy Code. The Debtor appropriately filed the Disclosure Statement with the Bankruptcy Court, thereby satisfying Bankruptcy Rule 3016(b).

**L.        Burden of Proof: Confirmation of the Plan.**

17.        The Debtor and the other proponents of the Plan, have met their burden of proving the applicable elements of sections 1129(a) and 1129(b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard for Confirmation. In addition, and to the extent applicable, the Plan is confirmable under the clear and convincing evidentiary standard.

**M.        Compliance with Bankruptcy Code Requirements—Section 1129(a)(1).**

18.        The Plan complies with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(1) of the Bankruptcy Code, including, more particularly:

(i)        <u>Proper Classification—Sections 1122 and 1123(a)(1).</u>

19.        Article IV of the Plan provides for the separate classification of Claims and Interests against the Debtor into eight Classes. Valid business, factual, and legal reasons exist for the separate classification of such Classes of Claims and Interests. The classifications reflect no improper purpose and do not unfairly discriminate between, or among, Holders of Claims or Interests. Each Class of Claims or Interests contains only Claims or Interests that are substantially similar to other Claims within that Class. The Plan therefore satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

       (ii)     <u>Specified Unimpaired Classes—Section 1123(a)(2)</u>.

20.     Article IV of the Plan specifies which Claims against the Debtor are Unimpaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code:

       (iii)    <u>Specified Treatment of Impaired Classes—Section 1123(a)(3)</u>.

21.     Article IV of the Plan specifies which Classes of Claims against the Debtor are Impaired under the Plan, and describes the treatment of such Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code:

       (iv)    <u>No Discrimination—Section 1123(a)(4)</u>.

22.     Article IV of the Plan provides for the same treatment by the Debtor for each Claim or Interest in each respective Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest in accordance with the Plan, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

       (v)    <u>Adequate Means for Plan Implementation—Section 1123(a)(5)</u>.

23.     The Plan, including the various documents and agreements in the Plan Supplement, provides adequate and proper means for implementation of the Plan, including, without limitation: (a) the execution and delivery of appropriate agreements or other documents of merger, amalgamation, consolidation, restructuring, conversion, disposition, transfer, arrangement, continuance, dissolution, sale, purchase, or liquidation containing terms that are consistent with the terms of the Plan and this Confirmation Order that satisfy the requirements of applicable law; (b) the execution and delivery of appropriate instruments of transfer, assignment, assumption, or delegation of any asset, property, right, liability, debt, or obligation on terms consistent with the terms of the Plan; (c) the filing of appropriate certificates or articles of incorporation, formation, reincorporation, merger, consolidation, conversion, amalgamation, arrangement, continuance, dissolution, or other organizational documents pursuant to applicable state law;   (d) the issuance of the New Equity

Interests as set forth in the Plan; and (e) all other actions that the Debtor or the Reorganized Debtor, as applicable, determined to be necessary or advisable, including making filings or recordings that may be required by law in connection with the Plan, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

24.     This Confirmation Order, pursuant to sections 363 and 1123 of the Bankruptcy Code, authorizes, among other things, all actions as may be necessary or appropriate to affect any transaction described in, approved by, contemplated by, or necessary to effectuate the Plan.

(vi)     Voting Power of Equity Securities—Section 1123(a)(6).

25.     The organizational documents of any surviving entity have been or will be amended on or prior to the Effective Date to prohibit the issuance of non-voting equity securities.  As such, the Plan satisfies the requirements of section 1123(a)(6) of the Bankruptcy Code.

(vii)     Designation of Directors and Officers—Section 1123(a)(7).

26.     The directors and officers of any surviving entity, to the extent known, have been disclosed.  Based on the foregoing, the initial directors and officers will be deemed to have been selected and appointed in accordance with the interests of creditors and equity holders and with public policy, and, therefore, satisfy section 1123(a)(7) of the Bankruptcy Code.

(viii)     Impairment / Unimpairment of Classes—Section 1123(b)(1).

27.     The Plan is consistent with section 1123(b)(1) of the Bankruptcy Code.  Specifically, Article IV of the Plan impairs or leaves unimpaired each Class of Claims and Interests.

(ix)     Assumption and Rejection of Executory Contracts and Unexpired Leases—
Section 1123(b)(2).

28.     The Plan is consistent with section 1123(b)(2) of the Bankruptcy Code.  Article VI of the Plan provides for the assumption or rejection of certain of the Debtor's Executory Contracts and Unexpired Leases on the Effective Date, in accordance with the provisions of sections 365 and 1123 of the Bankruptcy Code.

(x)     Settlement, Releases, Exculpation, Injunction, and Preservation of Claims and
Causes of Action—Section 1123(b)(3).

29.     The Plan is consistent with section 1123(b)(3) of the Bankruptcy Code.  In accordance
with section 363 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration of the
distributions, settlements, and other benefits provided under the Plan, except as stated otherwise in
the Plan, the provisions of the Plan constitute a good-faith compromise of all Claims, Interests, and
controversies relating to the contractual, subordination, and other legal rights that a Holder of a Claim
or Interest may have with respect to any Allowed Claim or Interest, or any distribution to be made on
account of such Allowed Claim or Interest.  The compromise and settlement of such Claims and
Interests embodied in the Plan are in the best interests of the Debtor, the Estate, and all Holders of
Claims and Interests, and are fair, equitable, and reasonable.

30.     The exculpation, described in Section 10.7 of the Plan (the "**Exculpation**"), is
appropriate under applicable law because it was proposed in good faith and is appropriately limited in
scope. The Exculpation, including its carve-out for actual fraud, willful misconduct, and gross
negligence, is consistent with established practice in this jurisdiction and others.

31.     The injunction provision set forth in Section 10.6 of the Plan is necessary to
implement, preserve, and enforce the Debtor's discharge and the Exculpation and by extension the
compromise and settlement upon which the Plan is founded, and is narrowly tailored to achieve this
purpose.

(xi)     Modification of Rights—Section 1123(b)(5).

32.     The Plan modifies the rights of Holders of Claims or Interests, as applicable, in various
Classes as permitted by section 1123(b)(5) of the Bankruptcy Code.

(xii)     Additional Plan Provisions—Section 1123(b)(6).

33.     The other discretionary provisions of the Plan are appropriate and consistent with the
applicable provisions of the Bankruptcy Code, including provisions for (a) distributions to Holders of

Claims and Interests, (b) resolution of disputed Claims, (c) allowance of certain Claims, and (d) retention of Bankruptcy Court jurisdiction, thereby satisfying section 1123(b)(6) of the Bankruptcy Code. The failure to address any provisions of the Bankruptcy Code specifically in this Confirmation Order shall not diminish or impair the effectiveness of this Confirmation Order.

(xiii)    Cure of Defaults—Section 1123(d).

34.    Section 8.3 of the Plan provides for the satisfaction of Cure Claims associated with each Executory Contract and Unexpired Lease to be assumed in accordance with section 365(b)(1) of the Bankruptcy Code. As such, the Plan provides that the Debtor will cure, or provide adequate assurance that the Debtor will promptly cure, defaults with respect to assumed Executory Contracts or Unexpired Leases in compliance with section 365(b)(1) of the Bankruptcy Code. Thus, the Plan complies with section 1123(d) of the Bankruptcy Code.

**N.    Debtor Compliance with the Bankruptcy Code—Section 1129(a)(2).**

35.    The Debtor has complied with the applicable provisions of the Bankruptcy Code and, thus, satisfied the requirements of section 1129(a)(2) of the Bankruptcy Code. Specifically, each Debtor:

a.    is an eligible debtor under section 109, and a proper proponent of the Plan under section 1121(a), of the Bankruptcy Code;

b.    has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Bankruptcy Court; and

c.    complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable nonbankruptcy law, rule and regulation, the Disclosure Statement Order, and all other applicable law, in transmitting the Solicitation Package and related documents and notices, and in soliciting and tabulating the votes on the Plan.

**O.    Plan Proposed in Good Faith—Section 1129(a)(3).**

36.    The Debtor has negotiated, developed, and proposed the Plan (including the Plan Supplement, and all other documents and agreements necessary to effectuate the Plan) in good faith

and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.

In so determining, the Bankruptcy Court has considered the facts and record of the Chapter 11 Case,

the Disclosure Statement, and evidence proffered, admitted, or adduced at the Confirmation Hearing,

and examined the totality of the circumstances surrounding the filing of the Chapter 11 Case, the Plan,

and the process leading to Confirmation.  The Debtor's Chapter 11 Case was filed, and the Plan was

proposed, with the legitimate purpose of allowing the Debtor to liquidate its assets including the sale

of its business.  The Plan (including all documents necessary to effectuate the Plan) and the Plan

Supplement were negotiated in good faith and at arm's length among the Debtor and its key

stakeholders.  Additionally, the compromises and settlements embodied in the Plan (including all

documents necessary to effectuate the Plan), this Order and the Plan Supplement reflect the best

possible compromise and settlement that could be reached given the facts and circumstances

surrounding the Debtor and this Chapter 11 Case.  Further, the Plan's classification, indemnification,

exculpation, and injunction provisions have been negotiated in good faith and at arm's length, are

consistent with the Bankruptcy Code, and are each integral to the Plan, and necessary for the

implementation of the Plan.

**P.      Payment for Services or Costs and Expenses—Section 1129(a)(4).**

37.      The Debtor has satisfied section 1129(a)(4) of the Bankruptcy Code.  Any payment

made or to be made by the Debtor for services or for costs and expenses of the Debtor's professionals

in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter

11 Case, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable.

All such costs and expenses of the Debtor's professionals shall be paid in accordance with the Plan.

**Q.      Directors, Officers, and Insiders—Section 1129(a)(5).**

38.      The Debtor has complied with the requirements of section 1129(a)(5) of the

Bankruptcy Code.  The Debtor has disclosed the identity and affiliations of the individuals proposed

to serve as the initial directors and officers of MM 8787 MK, LLC and the Reorganized Debtor.  The proposed directors and officers for MM 8787 MK, LLC and the Reorganized Debtor are qualified, and the appointment to such offices of the proposed directors and officers is consistent with the interests of the Holders of Claims and Interests and with public policy.

**R.    No Rate Changes—Section 1129(a)(6).**

39.    Section 1129(a)(6) of the Bankruptcy Code is not applicable to the Chapter 11 Case. The Plan proposes no rate change subject to the jurisdiction of any governmental regulatory commission.

**S.    Best Interest of Creditors—Section 1129(a)(7).**

40.    The Plan satisfies section 1129(a)(7) of the Bankruptcy Code.  The liquidation analysis attached to the Disclosure Statement as **<u>Exhibit H</u>** and the other evidence related thereto in support of the Plan that was proffered, admitted, or adduced at or prior to the Confirmation Hearing:  (a) are reasonable, persuasive, credible, and accurate as of the dates such analyses or evidence was prepared, presented, or proffered; (b) utilize reasonable and appropriate methodologies and assumptions; (c) have not been controverted by other evidence; and (d) establish that each Holder of an Impaired Claim or Interest against  Debtor either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code as of the Effective Date.

**T.    Acceptance by Certain Classes—Section 1129(a)(8).**

41.    The Unimpaired Classes are Unimpaired by the Plan and, accordingly, Holders of Claims in such Classes are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Three Voting Classes that are Impaired have voted to accept the Plan, as established by the Voting Declaration.

42.    The Deemed Rejecting Class is Impaired and deemed to reject the Plan, pursuant to section 1126(g) of the Bankruptcy Code, and are not entitled to vote to accept or reject the Plan. Holders of Claims in the Deemed Rejecting Class will not receive or retain any property on account of their Claims or Interests. Therefore, the Plan does not satisfy the requirements of section 1129(a)(8), with respect to the Deemed Rejecting Class and Class 3 (to the extent such Classes are Impaired under the Plan).    Notwithstanding the foregoing, the Plan is confirmable because it satisfies sections 1129(a)(10) and, with respect to the Deemed Rejecting Class and Class 3 (to the extent such Classes are Impaired under the Plan), 1129(b) of the Bankruptcy Code.

**U.    Treatment of Claims Entitled to Priority Under Section 507(a) of the Bankruptcy Code—Section 1129(a)(9).**

43.    The treatment of Allowed General Administrative Claims, Allowed Professional Fee Claims, Allowed Priority Tax Claims, Allowed DIP Claims and statutory fees imposed by 28 U.S.C. § 1930 under Article I of the Plan, and of Other Priority Claims under Article III of the Plan, satisfies the requirements of, and complies in all respects with, section 1129(a)(9) of the Bankruptcy Code.

**V.    Acceptance by At Least One Impaired Class—Section 1129(a)(10).**

44.    The Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.  As evidenced by the Voting Declaration, Classes 4, 6, and 7, each of which is Impaired, voted to accept the Plan in accordance with section 1126 of the Bankruptcy Code, determined without including any acceptance of the Plan by any insider (as that term is defined in section 101(31) of the Bankruptcy Code).

**W.    Feasibility—Section 1129(a)(11).**

45.    The Plan satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code. The evidence supporting Confirmation of the Plan proffered, admitted, or adduced by the Debtor at or prior to the Confirmation Hearing:  (a) is reasonable, persuasive, credible, and accurate as of the dates such evidence was prepared, presented, or proffered; (b) utilizes reasonable and appropriate

methodologies and assumptions; (c) has not been controverted by other evidence; (d) establishes that the Plan is feasible and Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Reorganized Debtor or any successor to the Reorganized Debtor under the Plan unless the Plan provides for such liquidation which it does; and (e) establishes that the Reorganized Debtor will have sufficient funds available to meet its obligations under the Plan. The Court specifically finds that the Plan is feasible, in providing for a sale of the New Equity Interests and the Exit Funding.

## X.      Payment of Fees—Section 1129(a)(12).

46.      The Plan satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code. Article III.E of the Plan provides for the payment of all fees payable by the Debtor under 28 U.S.C. § 1930(a).

## Y.      Continuation of Employee Benefits—Section 1129(a)(13).

47.      The Plan satisfies the requirements of section 1129(a)(13) of the Bankruptcy Code. The Debtor has no applicable retiree benefits.

## Z.      Non-Applicability of Certain Sections—1129(a)(14), (15), and (16).

48.      Sections 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code do not apply to the Chapter 11 Case.

## AA.    "Cram Down" Requirements—Section 1129(b).

49.      The Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code. Notwithstanding the fact that Class 3 and the Deemed Rejecting Class have rejected or may be deemed to reject the Plan, the Plan may be confirmed pursuant to section 1129(b) of the Bankruptcy Code. The evidence in support of the Plan that was proffered, admitted, or adduced at or prior to the Confirmation Hearing is reasonable, persuasive, credible, and accurate, has not been controverted by other evidence, and establishes that the Plan satisfies the requirements of section 1129(b) of the

Bankruptcy Code. *First*, all of the requirements of section 1129(a) of the Bankruptcy Code other than section 1129(a)(8) have been met. *Second*, the Plan is fair and equitable with respect to such Classes. The Plan has been proposed in good faith, is reasonable, and meets the requirements that (a) no Holder of any Claim or Interest that is junior to each such Classes will receive or retain any property under the Plan on account of such junior Claim or Interest and (b) no Holder of a Claim or Interest in a Class senior to such Classes is receiving more than 100% on account of its Claim. *Third*, the Plan does not discriminate unfairly with respect to such Classes because similarly situated Holders of Claims and Interests will receive substantially similar treatment on account of their Claims and Interests irrespective of Class. Accordingly, the Plan satisfies the requirement of section 1129(b)(1) and (2) of the Bankruptcy Code. The Plan may therefore be confirmed despite the fact that not all Impaired Classes have voted to accept the Plan.

**BB.    Only One Plan—Section 1129(c).**

50.    The Plan satisfies the requirements of section 1129(c) of the Bankruptcy Code. The Plan is the only chapter 11 plan filed with respect to the Debtor in the Chapter 11 Case.

**CC.    Principal Purpose of the Plan—Section 1129(d).**

51.    The Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act.

**DD.    Not Small Business Case—Section 1129(e).**

52.    The Chapter 11 Case is not a small business case, and accordingly section 1129(e) of the Bankruptcy Code is inapplicable in the Chapter 11 Case.

**EE.    Good Faith Solicitation—Section 1125(e).**

53.    Based on the record before the Bankruptcy Court in this Chapter 11 Case, including evidence proffered, admitted, or adduced at or prior to the Confirmation Hearing, the Debtor and the

Plan Proponents (i) have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules, the Voting Procedures, and any applicable nonbankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with the development of the Plan, all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and (ii) shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the offer and issuance of any securities under the Plan, and therefore are not, and on account of such offer, issuance, and solicitation will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or the offer and issuance of the securities under the Plan, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the Exculpation set forth in Section 10.7 of the Plan.

**FF.    Satisfaction of Confirmation Requirements.**

54.    Based upon the foregoing, all other pleadings, documents, exhibits, statements, declarations, and affidavits filed in connection with confirmation of the Plan, and all evidence and arguments made, proffered, admitted, or adduced at the Confirmation Hearing, the Plan satisfies the requirements for Confirmation set forth in section 1129 of the Bankruptcy Code.

**GG.    Implementation.**

55.    The terms of the Plan, including the Plan Supplement, and all documents, forms, lists, schedules, addendums, and agreements contemplated under the Plan (including, but not limited to the Plan and the Plan Supplement) (collectively, the "**Plan Documents**") are incorporated by reference and constitute essential elements of the Plan and this Confirmation Order.  Consummation of each such Plan Document is in the best interests of the Debtor, the Debtor's Estate, and Holders of Claims and Interests, and such Plan Documents are hereby approved.  The Debtor has exercised reasonable

business judgment in determining to enter into the Plan Documents, and the Plan Documents have been negotiated in good faith, at arm's-length, are fair and reasonable, are supported by reasonably equivalent value and fair consideration, and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

**HH.    Binding and Enforceable.**

56.    The Plan and the Plan Documents have been negotiated in good faith and at arm's length and, subject to the occurrence of the Effective Date, shall bind any Holder of a Claim or Interest and such Holder's respective successors and assigns, whether or not the Claim or Interest is Impaired under the Plan, whether or not such Holder has accepted the Plan, and whether or not such Holder is entitled to a distribution under the Plan. The Plan and the Plan Documents constitute legal, valid, binding, and authorized obligations of the respective parties thereto and shall be enforceable in accordance with their terms. Pursuant to section 1142(a) of the Bankruptcy Code, the Plan and the Plan Documents shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

**II.    Issuance of New Equity Interests.**

57.    Pursuant to section 1145 of the Bankruptcy Code, the offering, issuance, and distribution under the Plan of the New Equity Interests, whether on the Effective Date or any other date of a distribution thereafter, pursuant to the terms of the Plan and/or in accordance with this Confirmation Order, comply with section 1145 of the Bankruptcy Code and shall be exempt from registration and prospectus delivery requirements under (a) the Securities Act and all rules and regulations promulgated thereunder and (b) any applicable U.S. state or local law requiring registration for the offer, issuance, or distribution of securities. The issuances of the New Equity Interests was, are, or were in exchange for the Plan Payment.

58.      In addition, under section 1145 of the Bankruptcy Code, any securities issued or distributed as contemplated by the Plan, including the New Equity Interests, shall be freely tradable by the recipients thereof, subject to:  (a) the provisions of section 1145(b)(1) of the Bankruptcy Code relating to the definition of an underwriter in section 2(a)(11) of the Securities Act, and compliance with applicable state or foreign securities laws, if any, and the rules and regulations of the United States Securities and Exchange Commission, if any, applicable at the time of any future transfer of such securities or instruments; (b) the restrictions, if any, on the transferability of such securities or instruments, including, any restrictions on the transferability under the terms of the New Organizational Documents; and (c) any other applicable regulatory approval.

**JJ.    Executory Contracts and Unexpired Leases.**

59.      The Debtor has exercised sound business judgment in determining whether to assume or reject each of its Executory Contracts and Unexpired Leases pursuant to sections 365 and 1123(b)(2) of the Bankruptcy Code, and Article VI of the Plan.  Each assumption of an Executory Contract or Unexpired Lease pursuant to Article VI of the Plan, including any amendments to each such Executory Contract or Unexpired Lease, shall be legal, valid, and binding upon the Debtor or Reorganized Debtor and their successors and assigns and all non-Debtor parties and their successors and assigns to such Executory Contract or Unexpired Lease, all to the same extent as if such assumption were effectuated pursuant to an order of the Bankruptcy Court under section 365 of the Bankruptcy Code entered before entry of this Confirmation Order.  The Debtor or the Reorganized Debtor, as applicable, has cured, or provided adequate assurance that the Debtor, the Reorganized Debtor, or their successors and assigns, as applicable, will cure defaults (if any) under or relating to each of the Executory Contracts and Unexpired Leases that are being assumed by the Debtor pursuant to the Plan.

60.     The Debtor gave notice of the proposed cure amounts to each non-Debtor counterparty to an Executory Contract or Unexpired Lease that the Debtor seeks to assume under the Plan.  The Assumed Executory Contract and Unexpired Lease List was good, sufficient, and appropriate under the circumstances, and no further notice need be given to any party in respect of establishing a Cure Claim for the respective Executory Contract or Unexpired Lease.  Non-Debtor counterparties to the applicable Executory Contracts and Unexpired Leases have had a sufficient, reasonable, and appropriate opportunity to object to the proposed cure amounts.

**KK.    Good Faith.**

61.     The Debtor and the Plan Proponents acted in good faith and will be acting in good faith if they proceed to: (a) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby in accordance with the Plan; and (b) take the actions authorized and directed by this Confirmation Order.

62.     The consideration to be provided by the Plan Funder pursuant to the Plan: (i) is fair and reasonable; (ii) is the highest and otherwise best offer for the New Equity Interests; and (iii) constitutes reasonably equivalent value and fair consideration for the New Equity Interests under the Bankruptcy Code, the Uniform Voidable Transactions Act, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, and any similar applicable laws of the United States or any state or territory. The Plan Funder's involvement in the Plan was proposed, negotiated, and agreed upon by and amongst the Debtor and the Plan Funder without collusion or fraud, in good faith, and at arm's length. The Plan Funder is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is therefore entitled to the full protection of that provision with respect to the Plan.

**LL.**      **Retention of Jurisdiction.**

63.      The Bankruptcy Court may properly, and upon the Effective Date shall, retain exclusive jurisdiction over all matters arising in or related to, the Chapter 11 Case, including the matters set forth in Article XII of the Plan and section 1142 of the Bankruptcy Code.

## ORDER

## IT IS ORDERED, ADJUDGED, DECREED, AND DETERMINED THAT:

1.      **Findings of Fact and Conclusions of Law**.  The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein and shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable herein by Bankruptcy Rule 9014.  To the extent that any finding of fact is determined to be a conclusion of law, it shall be deemed so, and vice versa.

2.      **Confirmation of the Plan**.  The Plan is approved in its entirety and **CONFIRMED** under section 1129 of the Bankruptcy Code.  The documents contained in or contemplated by the Plan, including, without limitation, the Plan Documents, are hereby authorized and approved.  The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.  The failure to specifically describe, include, or to refer to any particular article, section, or provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision, it being the intent of the Bankruptcy Court that the Plan is confirmed in its entirety, except as expressly modified herein, the Plan Documents are approved in their entirety, and all are incorporated herein by this reference.

3.      **Objections**.  All objections to Confirmation of the Plan and other responses, comments, statements, or reservation of rights, if any, in opposition to the Plan that have not been withdrawn, waived, or otherwise resolved by the Debtor prior to entry of this Confirmation Order are overruled on the merits.

4.      **Plan Classification Controlling.**  The terms of the Plan shall solely govern the classification of Claims and Interests for purposes of the distributions to be made thereunder.  The classification set forth on the Ballots tendered to or returned by the Holders of Claims in connection with voting on the Plan:  (a) were set forth thereon solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of Claims and Interests under the Plan for distribution purposes; (c) may not be relied upon by any Holder of a Claim or Interest as representing the actual classification of such Claim or Interest under the Plan for distribution purposes; and (d) shall not be binding on the Debtor except for voting purposes.

5.      **Confirmation Hearing Notice**.  The Confirmation Hearing Notice complied with the terms of the Disclosure Statement Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Case and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable nonbankruptcy law.

6.      **Solicitation**.  The solicitation of votes on the Plan complied with the Voting Procedures, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Case and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Disclosure Statement Order, and applicable nonbankruptcy law.

7.      **Plan Modifications**.  The modifications, amendments, and supplements made to the Solicited Plan following the solicitation of votes thereon constitute technical changes and do not materially adversely affect or change the proposed treatment of any Claims or Interests.  After giving effect to such modifications, the Plan continues to satisfy the requirements of sections 1122 and 1123 of the Bankruptcy Code.  Accordingly, such modifications do not require additional disclosure or re-solicitation of votes under sections 1125, 1126, or 1127 of the Bankruptcy Code or Bankruptcy Rule 3019, nor do they require that the Holders of Claims in the Voting Classes be afforded an opportunity

23

to change their previously cast votes on the Solicited Plan. The Holders of Claims in the Voting Classes who voted to accept the solicitation version of the Solicited Plan are deemed to accept the Plan as modified. The Plan, as modified, is, therefore, properly before this Court and all votes cast with respect to the Solicited Plan prior to such modification shall be binding and shall apply with respect to the Plan.

8. **No Action Required.** No action of the respective directors, equity holders, managers, or members of the Debtor or the Reorganized Debtor is required to authorize the Debtor or the Reorganized Debtor, as applicable, to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as the case may be, the Plan, or any contract, assignment, certificate, instrument, or other document to be executed, delivered, adopted, or amended in connection with the implementation of the Plan, including the other Plan Documents.

9. **Binding Effect**. On the date of and after entry of this Confirmation Order, subject to the occurrence of the Effective Date and notwithstanding Bankruptcy Rules 3020(e), 6004(d), 6004(h), or otherwise, the terms of the Plan, the Plan Documents, and this Confirmation Order shall be immediately effective (and/or adopted, where applicable) and enforceable and deemed binding upon the Debtor, the Reorganized Debtor, and any and all Holders of Claims or Interests and such Holder's respective successors and assigns (regardless of whether or not (a) the Holders of such Claims or Interests voted to accept or reject, or are deemed to have accepted or rejected, the Plan or (b) the Holders of such Claims or Interests are entitled to a distribution under the Plan), all Entities that are parties to or are subject to the discharges, exculpations, and injunctions provided for in the Plan, each Entity acquiring property under the Plan or this Confirmation Order, all owners of Interests in any Debtor, and any and all non-Debtor parties to Executory Contracts and Unexpired Leases. All Claims and debts shall be fixed, adjusted, or compromised, as applicable, pursuant to the Plan regardless of whether any Holder of a Claim or debt has voted on the Plan. The Plan and the Plan

Documents constitute legal, valid, binding, and authorized obligations of the respective parties thereto and shall be enforceable in accordance with their terms. Pursuant to section 1142(a) of the Bankruptcy Code, the Plan and the Plan Documents, and any amendments or modifications thereto, shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

10.    **Vesting of Assets in the Reorganized Debtor.** Except as otherwise provided in the Plan, Confirmation of the Plan shall cause all property of the Debtor to vest in the Reorganized Debtor, free and clear of all Liens, claims and encumbrances except for those Liens created pursuant to the Plan or otherwise preserved as provided in the treatment of creditors under this Plan. Except as otherwise provided in the Plan, this Confirmation Order, or any agreement, instrument, or other document incorporated herein, on and after the Effective Date, the Reorganized Debtor may operate its business and may use, acquire, or dispose of property and compromise or settle any Claims, interests, or Causes of Action without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.

11.    **Effectiveness of All Actions**. All actions contemplated by the Plan, including all actions pursuant to, in accordance with, or in connection with the Plan Documents, are hereby effective and authorized to be taken on, prior to, or after the Effective Date, as applicable, under this Confirmation Order, without further application to, or order of the Court, or further action by the respective officers, directors, managers, members, or equity holders of the Debtor or the Reorganized Debtor and with the effect that such actions had been taken by unanimous action of such officers, directors, managers, members, or equity holders.

12.    **Plan Implementation**.

(a)    In accordance with section 1142 of the Bankruptcy Code and any provisions of the business corporation law and limited liability company law of any applicable jurisdiction (collectively, the "**Reorganization Effectuation Statutes**"), without further action by the Court or

the equity holders, members, managers, officers, or directors of any of the Debtor or Reorganized Debtor, the Debtor and the Reorganized Debtor, as well as the managers and officers of the Debtor or Reorganized Debtor are authorized to:  (i) take any and all actions necessary or appropriate to implement, effectuate and consummate the Plan, the Plan Supplement, the Plan Documents, this Confirmation Order, and the transactions contemplated thereby or hereby, and (ii) execute and deliver, adopt or amend, as the case may be, any contracts, instruments, releases, agreements, and documents necessary to implement, effectuate, and consummate the Plan, the Plan Supplement, and the Plan Documents.

(b)     Except as set forth in the Plan, all actions authorized to be taken pursuant to the Plan, the Plan Supplement, and the Plan Documents including, (i) the rejection or assumption, as appropriate, of any Executory Contracts and Unexpired Leases, (ii) issuances and distributions of the New Equity Interests, and (iii) entry into any contracts, instruments, releases, agreements, and documents necessary to implement, effectuate, and consummate the Plan shall be effective prior to, on, or after the Effective Date pursuant to this Confirmation Order, without further notice, application to, or order of this Court, or further action by the respective managers, officers, directors, members, or equity holders of the Debtor or Reorganized Debtor.

(c)     To the extent that, under applicable nonbankruptcy law, any of the foregoing actions would otherwise require the consent or approval of the equity holders, members, managers, or directors of any of the Debtor or Reorganized Debtor, this Confirmation Order shall, pursuant to section 1142 of the Bankruptcy Code and the Reorganization Effectuation Statutes, constitute such consent or approval, and such actions are deemed to have been taken by unanimous action of the directors, managers, members, and equity holders of the appropriate Debtor or Reorganized Debtor, as applicable.

(d)      All such transactions effected by the Debtor during the pendency of the Chapter 11 Case from the Petition Date through the Confirmation Date (or as otherwise contemplated by this Confirmation Order) are approved and ratified, subject to the satisfaction of any applicable terms and conditions to effectiveness of such transactions and the occurrence of the Effective Date.

13.      **Cancellation of Existing Securities and Agreements**.   Except as otherwise provided in the Plan, all notes, instruments, certificates, agreements, indentures, mortgages, security documents, and other documents evidencing any Claims against the Debtor, and any Interests in the Debtor shall be deemed canceled, surrendered, and discharged without any need for further action or approval of the Bankruptcy Court or any Holder or other Person and the obligations of the Debtor or Reorganized Debtor, as applicable, thereunder or in any way related thereto shall be deemed satisfied in full and discharged, and the counterparties to any such documents or agreements shall be released from all duties thereunder; *provided* that notwithstanding Confirmation or Consummation, any such document or agreement that governs the rights of the Holder of a Claim shall continue in effect solely for purposes of: (a) allowing Holders to receive distributions under the Plan; (b) allowing creditors to enforce their rights, Claims, and interests vis-à-vis any parties other than the Debtor; and (c) preserving any rights of any creditors to enforce any obligations owed to each of them under the Plan, and to appear in the Chapter 11 Case or in any proceeding in the Bankruptcy Court or any other court, including, but not limited, to enforce the respective obligations owed to such parties under the Plan.

14.      **Exemption from Transfer Taxes**.   Pursuant to, and to the fullest extent permitted by, section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to, in contemplation of, or in connection with, the Plan, including: (a) the issuance, reinstatement, distribution, transfer, or exchange of any debt, security, or other interest in the Debtor or the Reorganized Debtor, including the issuance of the New Equity Interests, (b) the transfer, if any, of the Debtor's assets to the

Reorganized Debtor; (c) the making, assignment, recording, or surrender of any lease or sublease; (d) the creation, modification, consolidation, termination, refinancing, delivery, and/or recording of any mortgage, deed of trust, or other security interest, or the securing of additional indebtedness by such other means, and (e) the making, delivery, or recording of any other instrument or transfer order, in furtherance of, or in connection with the Plan, including any deeds, bills of sale, or assignments executed in connection with any disposition or transfer of assets or transaction arising out of, contemplated under, or in any way related to the Plan, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer, mortgage recording tax, or other similar tax, and upon entry of the Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents pursuant to such transfers or property without the payment of any such tax, recordation fee, or governmental assessment.  All filing or recording officers (or any other Person with authority over any of the foregoing), wherever located and by whomever appointed, shall comply with the requirements of section 1146(c) of the Bankruptcy Code, shall forego the collection of any such tax or governmental assessment, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

15.    **Exemption from Registration Requirements**.  To the maximum extent provided by section 1145 of the Bankruptcy Code and applicable nonbankruptcy law, the offering, issuance, and distribution under the Plan of the New Equity Interests, and to the extent they constitute securities under the Securities Act, whether on the Effective Date or any other date of distribution thereafter, pursuant to the terms of the Plan or the Confirmation Order, shall be exempt from registration and prospectus delivery requirements under (a) the Securities Act and all rules and regulations promulgated

thereunder and (b) any applicable U.S. state or local law requiring registration for the offer, issuance, or distribution of securities.

16.      Pursuant to section 1145 of the Bankruptcy Code, any issuance of securities contemplated by the Plan, including the New Equity Interests, shall be freely tradable by the recipients thereof, subject to: (a) the provisions of section 1145(b)(1) of the Bankruptcy Code relating to the definition of an underwriter in section 2(a)(11) of the Securities Act, and compliance with any applicable state or foreign securities laws, if any, and the rules and regulations of the United States Securities and Exchange Commission, if any, applicable at the time of any future transfer of such securities or instruments; (b) the restrictions, if any, on the transferability of such securities or instruments, including, any restrictions on the transferability under the terms of the New Organizational Documents; and (c) any other applicable regulatory approval.

17.      **Preservation of Causes of Action.**   In accordance with section 1123(b) of the Bankruptcy Code, the Reorganized Debtor shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action belonging to the Debtor or its Estate, whether arising before or after the Petition Date, and the Reorganized Debtor's rights to commence, prosecute, or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date, other than Causes of Action released by the Debtor pursuant to the exculpations set forth in Article IX of the Plan or otherwise under the Plan.

18.      The Reorganized Debtor may pursue such Causes of Action, as appropriate. No Entity may rely on the absence of a specific reference in the Plan, the Plan Supplement, or the Disclosure Statement as any indication that the Reorganized Debtor will not pursue any and all available Causes of Action of the Debtor or the Estate against it. The Reorganized Debtor expressly reserves all rights to prosecute any and all Causes of Action against any Entity, except as otherwise expressly provided in the Plan or this Confirmation Order. Unless any Cause of Action of the Debtor or the Estate against

an Entity is expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or pursuant to a Final Order, the Reorganized Debtor expressly reserves all such Causes of Action for later adjudication, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to such Causes of Action upon, after, or as a consequence of Confirmation or Consummation. The Reorganized Debtor shall be deemed to be substituted as the party-in-lieu of the Debtor in all matters pertaining to the Claims reconciliation process, including (a) motions, contested matters, and adversary proceedings pending in the Bankruptcy Court and (b) all matters pending in any courts, tribunals, forums, or administrative proceedings outside of the Bankruptcy Court, in each case without the need or requirement for the Reorganized Debtor to file motions or substitutions of parties or counsel in each such matter.

19.     **Release of Liens.**  Except as otherwise provided in the Plan, all property dealt with by the Plan, including the New Equity Interests, shall be free and clear of all claims, liens and interests of any party as of the Effective Date. This Plan will evidence the release of any and all Liens or encumbrances against all property dealt with by the Plan, unless such Lien or encumbrance is specifically retained in the Plan. The Reorganized Debtor is authorized to execute any document or make any filing necessary to further document the release of any lien, security interest or similar encumbrance.

20.     **Issuance of New Equity Interests**.  On the Effective Date, all equity interests in the Debtor shall be cancelled, and no holder of an equity interest in the Debtor shall receive any distribution on account of such prepetition equity interests under this Plan. 100% of the New Equity Interests in the Reorganized Debtor will be issued to MM 8787 MK, LLC in exchange for Plan Funder funding the Plan Payment in the total amount of $550,000 as defined in section 2.45 of the Plan. On the Effective Date, the Debtor shall be authorized to and shall issue the New Equity Interests in

accordance with the terms of the Plan and without the need for any further corporate or shareholder action. All of the New Equity Interests, when so issued, shall be duly authorized, validly issued, enforceable, and fully paid and non-assessable.

21.     **Good Faith**. The Plan Funder is approved as a good faith purchaser under section 363(m) of the Bankruptcy Code, and the Plan Funder shall be entitled to all protections of section 363(m) of the Bankruptcy Code.

22.     **Compromise and Settlement of Claims, Interests, and Controversies**. Pursuant to section 1123(b)(3)(a) of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided pursuant to the Plan, the provisions of the Plan constitute a good faith compromise of Claims, Interests, and controversies relating to the contractual, legal, and subordination rights that a creditor or an Interest Holder may have with respect to any Allowed Claim or Interest or any distribution to be made on account of such Allowed Claim or Interest. The entry of this Confirmation Order constitutes approval of the compromise or settlement of all such Claims, Interests, and controversies, as well as a finding that such compromise or settlement was negotiated at arms'-length and in good faith, is in the best interests of the Debtor, its Estate, and Holders of such Claims and Interests, and is fair, equitable, and reasonable.

23.     **Release, Exculpation, Discharge, and Injunction Provisions**. All discharge, injunction, and exculpation provisions set forth in the Plan are approved and shall be effective and binding on all persons and entities to the extent provided therein.

24.     **Discharge of Claims and Termination of Interests**. Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, the Confirmation Order, or in any contract, instrument, or other agreement or document created pursuant to the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims, Interests, and Causes of Action

of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtor or any of its assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtor before the Effective Date and that arise from a termination of employment, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not: (1) a Proof of Claim based upon such debt or right is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the Holder of such a Claim or Interest has accepted the Plan. The entry of the Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests subject to the occurrence of the Effective Date.

25.    **Payment of Classified Claims**.  Subject to any election of treatment therein, each Claim or Interest that is Allowed pursuant to section 502 of the Bankruptcy Code shall be paid in accordance with its classification in Article IV.B of the Plan. In the sole discretion of the Reorganized Debtor, such Allowed Claims may be prepaid in full, or in part, without penalty or fee at any time. In the event of the Closing of a Refinance Transaction, the Reorganized Debtor shall pay in full in accordance with their treatments specified in Classes 1, 2, 3, 4, 5, 6, and 7 all then Allowed Claims, such prepayment being without penalty or fee. For avoidance of doubt, upon Closing of a Refinance Transaction, all then Allowed Claims in Class 7 shall receive a pro rata share of $500,000.00.

26.    **Payment of Statutory Fees**.  All fees payable pursuant to section 1930(a) of the Judicial Code, including fees and expenses payable to the U.S. Trustee, as determined by the Bankruptcy Court at a hearing pursuant to section 1128 of the Bankruptcy Code that are due and payable by Debtor will be paid by the Debtor on the Effective Date.

27.    All such fees due and payable after the Effective Date shall be paid by the Reorganized Debtor to the extent a Debtor's Chapter 11 Case remains open. The Reorganized Debtor shall File with the Bankruptcy Court quarterly reports in a form reasonably acceptable to the U.S. Trustee, until the earliest of the date on which the Chapter 11 Case is converted, dismissed, or closed.

28.    **Documents, Mortgages and Instruments**.  Each federal, state, local, foreign or other governmental agency is authorized to accept any and all documents, mortgages or instruments necessary or appropriate to effectuate, implement or consummate the Plan.

29.    **Return of Deposits**.  All utilities, including any Person who received a deposit or other form of "adequate assurance" of performance pursuant to section 366 of the Bankruptcy Code during the Chapter 11 Case (collectively, the "**Deposits**"), are directed to return such Deposits to the Reorganized Debtor within 15 days following the Effective Date.  Additionally, the Debtor or Reorganized Debtor, as applicable, are hereby authorized to close adequate assurance accounts, if any, upon entry of the Confirmation Order.

30.    **Plan Modifications.**

Section 1.2(d) is deleted and replaced with the following language:

(d)    **Secondary Plan Period**. In the event that a Refinance Transaction does not occur during the Initial Plan Period, the Reorganized Debtor will make further periodic payments under the Plan during the Secondary Plan Period (24 months). During the Secondary Plan Period, certain Classes of Allowed Claims shall receive payments of principal and interest until such claims are satisfied in full under the Plan. The Reorganized Debtor shall continue to pursue a Refinance Transaction during the Secondary Plan Period, if such period is triggered under the Plan.

Section 2.45 is deleted and replaced with the following language:

33

2.45. "**Initial Plan Payment**" means the payment of $550,000 made by the Plan Funder to acquire the New Equity Interests of the Reorganized Debtor.

Section 2.61 is deleted and replaced with the following language:

2.61. "**Plan Funder**" means the Person or Entity who makes the Initial Plan Payment and Exit Funding commitment. The Plan contemplates that 2M will be the Plan Funder. MM 8787 MK, LLC, a Texas limited liability company, has been formed as a special purpose entity to own the New Equity Interests. 2M owns a 99% member interest in MM 8787 MK, LLC. Both entities are affiliates of CADG. Mehrdad Moayedi and Steven Shelley will be the officers of MM 8787 MK, LLC and the Reorganized Debtor.

Section 2.76 is deleted and replaced with the following language:

2.76 "**Secondary Plan Period**" means the twenty-four (24) months commencing on the first month following the end of the Initial Plan Period. The Secondary Plan Period will only occur if a Refinancing Transaction has not occurred during the Initial Plan Period.

Section 4.3(b)(ii) of Article IV.B is deleted and replaced with the following language:

ii.    $250,000.00 paid no later than the Plan Effective Date, and a new note bearing a principal amount equal to the amount of the Allowed Class 3 Claim less $250,000.00, including: (1) interest at 9.75% per annum from the Petition Date through the Plan Effective Date; and (2) any reasonable attorney' fees incurred by the Holder of the Class 3 Claim and allowed by the Bankruptcy Court, with such note having a amortized term of thirty-six (36) months and with interest after the Plan Effective Date at 9.75% per annum. The new note shall provide for monthly interest-only payments during the Initial Plan Period and equal monthly payments of principal and interest during the Secondary Plan Period. The new note shall be secured by a Lien against the Property in the same priority as before the Petition Date. Without admission to the validity or amount of the Allowed 87STE Secured Claim (to which Debtor reserves all rights with respect to such claims) and based on the alleged total amount due of $6,567,786.08 as of the Petition Date (as stated in the Proof of Claim [Claim No. 6) and inclusive of post-petition interest, the Debtor estimates that the monthly interest-only payments during the Initial Plan Period shall be $55,964.72 per month and the principal and interest payments during the Secondary Plan Period shall be $317,050.47 per month.

Section 4.5(b)(iii) of Article IV.B is deleted and replaced with the following language:

iii.    a new note bearing a principal amount equal to the amount of the Allowed Class 5 Claim, including interest at the Plan Rate from the Petition Date through the Plan Effective Date, with an amortized term of thirty-six (36) months and with interest on such Allowed Class 5 Claim after the Plan Effective Date at the Plan Rate. The new note shall provide for monthly interest-only payments during the Initial Plan Period and equal monthly payments of principal and interest during the Secondary Plan Period. The new

note shall be secured by a Lien against the Property in the same priority as pre-Petition Date.

Article V.D is deleted and replaced with the following language:

> Except as otherwise provided in the Plan, the Reorganized Debtor shall continue to exist after the Plan Effective Date as an Entity with all the powers of a limited liability company pursuant to the applicable law in the State of Texas, in which the Debtor is formed. On the Plan Effective Date, all existing equity Interests in the Debtor shall be cancelled and the Reorganized Debtor shall issue the New Equity Interests to the Plan Funder.

> The Reorganized Debtor's operating agreements in effect prior to the Plan Effective Date shall be cancelled effective on the Plan Effective Date, except to the extent such operating agreements are amended under the Plan or otherwise, and to the extent such documents are amended, such documents are deemed to be amended pursuant to the Plan and require no further action or approval (other than any requisite filings required under applicable state, provincial, or federal law).

> The officers of the Reorganized Debtor will be Mehrdad Moayedi and Steven Shelley. The manager of the Reorganized Debtor will be MM 8787 MK, LLC. Leobardo Trevino will consult for the Reorganized Debtor on an informal basis without direct compensation to aid in the transition and to promote the success of the Plan, with his benefit for doing so indirectly derived from the prospective payment to the Class 7 Non-Debtor Affiliate Claims in which entities with which he is associated are claimants.

31.    **Professional Fee Claims**. All final requests for compensation or reimbursement of Professional Fee Claims, including the Professional Fee Claims incurred during the period from the Petition Date through the Effective Date (other than substantial contribution claims under section 503(b)(4) of the Bankruptcy Code), must be Filed and served on the Reorganized Debtor and its counsel no later than forty-five (45) days after the Effective Date or as may otherwise be directed by the Bankruptcy Court. All such final requests will be subject to approval by the Court after notice to other parties on the regular service list and a hearing in accordance with the procedures established by the Bankruptcy Code and prior orders of the Bankruptcy Court in the Chapter 11 Case, including the Interim Compensation Order, and once approved by the Bankruptcy Court, shall be paid as soon as

reasonably practicable solely from the Professional Fee Escrow Account up to the full Allowed amount.

32.    **Bar Date for Rejection Damages Claims.**  Unless otherwise provided by a Final Order of the Bankruptcy Court, all Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases as a result of or pursuant to the Plan or the Confirmation Order (a "**Rejection Damages Claim**"), if any, must be Filed within thirty (30) days after the later of: (a) the Effective Date; and (b) the date of such rejection as established by a Final Order or pursuant to the Plan if later than the Effective Date (such date, the "**Rejection Damages Claims Bar Date**"). ALL REJECTION DAMAGES CLAIM NOT FILED BY THE REJECTION DAMAGES CLAIMS BAR DATE WILL BE AUTOMATICALLY DISALLOWED, FOREVER BARRED FROM ASSERTION, AND SHALL NOT BE ENFORCEABLE AGAINST THE DEBTOR, THE REORGANIZED DEBTOR, THE ESTATE, OR THEIR PROPERTY WITHOUT THE NEED FOR ANY OBJECTION BY THE DEBTOR OR THE REORGANIZED DEBTOR OR FURTHER NOTICE TO, OR ACTION, ORDER, OR APPROVAL OF THE COURT OR ANY OTHER ENTITY, AND ALL SUCH REJECTION DAMAGES CLAIMS SHALL BE DEEMED FULLY SATISFIED, RELEASED, AND DISCHARGED, NOTWITHSTANDING ANYTHING IN THE SCHEDULES OR A PROOF OF CLAIM TO THE CONTRARY. All Rejection Damages Claims that become Allowed Claims shall be classified as GUC Claims and shall be treated in accordance with the Plan, unless a different security or priority is otherwise asserted in such Proof of Claim and Allowed in accordance with Article VIII of the Plan.

33.    **Filing and Recording**.  This Confirmation Order is binding upon and shall govern the acts of all persons or entities including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities

who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument. Each and every federal, state, and local government agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including financing statements under the applicable uniform commercial code) to effectuate, implement, and consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any stamp tax or similar tax imposed by state or local law.

34.     **Continued Effect of Stays and Injunctions**. Unless otherwise provided in the Plan or this Confirmation Order, all injunctions or stays arising under or entered during the Chapter 11 Case under section 362 of the Bankruptcy Code or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay.

35.     **Debtor's Actions Post-Confirmation Through the Effective Date**. During the period from entry of this Confirmation Order through and until the Effective Date, the Debtor shall continue to operate its business as a debtor in possession, subject to the oversight of the Court as provided under the Bankruptcy Code, the Bankruptcy Rules, and this Confirmation Order and any order of the Court that is in full force and effect.

36.     **Authorization to Consummate**. The Debtor is authorized to consummate the Plan at any time after entry of this Confirmation Order.

37.     **Nonseverability of Plan Provisions Upon Confirmation**. Each provision of the Plan is: (a) valid and enforceable in accordance with its terms; (b) integral to the Plan and may not be deleted or modified without the Debtor's consent in accordance with the terms set forth in the Plan; and (c) nonseverable and mutually dependent.

38.     **Post-Confirmation Modifications**. Subject to the limitations contained in the Plan, the Debtor reserves the right to modify the Plan and seek Confirmation consistent with the

37

Bankruptcy Code and, as appropriate, not resolicit votes on such modified Plan. Subject to certain restrictions and requirements set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 and those restrictions on modifications set forth in the Plan, the Debtor expressly reserves its rights, to alter, amend, or modify materially the Plan, one or more times, after Confirmation, and, to the extent necessary, may initiate proceedings in the Bankruptcy Court to so alter, amend, or modify the Plan, or remedy any defect or omission, or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, in such matters as may be necessary to carry out the purposes and intent of the Plan.  Any such modification or supplement shall be considered a modification of the Plan and shall be made in accordance with Section 12.2 of the Plan.

39.    **Reversal/Stay/Modification/Vacatur of Confirmation Order**.  Except as otherwise provided in this Confirmation Order, if any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by subsequent order of this Bankruptcy Court or any other court, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or Lien incurred or undertaken by the Debtor or the Reorganized Debtor, as applicable, prior to the effective date of such reversal, stay, modification, or vacatur.  Notwithstanding any such reversal, stay, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

40.    **Applicable Nonbankruptcy Law.**  The provisions of this Confirmation Order, the Plan, and related documents, or any amendments or modifications thereto, shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

41.     **Governmental Approvals Not Required**.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state, federal, or other governmental authority with respect to the implementation or consummation of the Plan, any certifications, documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Plan.

42.     **Notice of Entry of the Confirmation Order and Effective Date**.  In accordance with Bankruptcy Rules 2002 and 3020(c), as soon as reasonably practicable after the Effective Date, the Debtor shall serve notice of the entry of this Confirmation Order and notice of the Effective Date, to all parties who hold a Claim or Interest in this Chapter 11 Case, the U.S. Trustee, and other parties in interest.  Such notice is hereby approved in all respects and shall be deemed good and sufficient notice of confirmation of the Plan, entry of this Confirmation Order, and the occurrence of the Effective Date.

43.     **Substantial Consummation**.  On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

44.     **References to Particular Plan Provisions**.  References to articles, sections, and provisions of the Plan are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan or this Confirmation Order.

45.     **Headings.**  Headings utilized herein are for convenience and reference only, and do not constitute a part of the Plan or this Confirmation Order for any other purpose.

46.     **Effect of Conflict**.  This Confirmation Order supersedes any Court order issued prior to the Confirmation Date that may be inconsistent with this Confirmation Order.  In the event of any inconsistency between the Plan, this Order and the Equity Commitment Letter, the terms of the Plan and this Order shall control. If there is any inconsistency between the terms of the Plan and the terms

of this Confirmation Order, then, solely to the extent of such inconsistency, the terms of this Confirmation Order govern and control.

47.    **Final Order.**  This Confirmation Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof.

48.    **Waiver of Stay.**  The requirements under Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of 14 days after entry of the order are hereby waived. This Order shall take effect immediately and shall not be stayed pursuant to the Bankruptcy Code, Bankruptcy Rules 3020(e), 6004(h), 6006(d), or 7062, or otherwise.

49.    **Retention of Jurisdiction**.  The Bankruptcy Court, upon the Effective Date, retains jurisdiction over all matters arising out of, and related to, the Chapter 11 Case, including the matters set forth in Article XII of the Plan and section 1142 of the Bankruptcy Code. For the avoidance of doubt, the Retention of Jurisdiction provisions set forth in Article XII of the Plan are approved and clarified to provide that this Court has and retains jurisdiction over any Creditor's action to enforce the Plan against the Plan Funder in accordance with Article XIII.P. of the Plan, including jurisdiction to enter a money judgment or otherwise compel the Plan Funder to perform its obligations under the Plan.

# # # End of Order # # #

<u>Submitted By:</u>
Frank J. Wright
Texas Bar No. 22028800
Jeffery M. Veteto
Texas Bar No. 24098548
**LAW OFFICES OF FRANK J. WRIGHT, PLLC**
1800 Valley View Lane, Suite 250
Farmers Branch, Texas 75234
Telephone: (214) 935-9100
Emails: frank@fjwright.law; jeff@fjwright.law

**COUNSEL FOR THE DEBTOR,
8787 RICCHI LLC**

**<u>Exhibit A</u>**

**Plan Including Plan Modifications**

Frank J. Wright
Texas Bar No. 22028800
Jeffery M. Veteto
Texas Bar No. 24098548
**LAW OFFICES OF FRANK J. WRIGHT, PLLC**
1800 Valley View Lane, Suite 250
Farmers Branch, Texas 75234
Telephone: (214) 935-9100
Email: frank@fjwright.law
        jeff@fjwright.law

**COUNSEL FOR THE DEBTOR**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No.: 25-31144-sgj11 |
| | § | |
| **8787 Ricchi LLC,** | § | **Chapter 11** |
| | § | |
| Debtor. | § | |

## NOTICE OF FILING PLAN MODIFICATION TO THE
## SECOND AMENDED PLAN OF REORGANIZATON FOR 8787 RICCHI LLC

**PLEASE TAKE NOTICE** that on July 31, 2025, 8787 Ricchi LLC, debtor-in-possession, (the "Debtor") filed the solicitation version of its *Second Amended Joint Plan of Reorganization for 8787 Ricchi LLC* [Case No. 24-41618, Dkt. No. 104] (and as may be further, amended, modified, and/or supplemented, the "Plan").[1]

**PLEASE TAKE FURTHER NOTICE** that the Debtor hereby files this plan modification to the Plan (the "Plan Modification"). Section 1127(a) of the Bankruptcy Code provides that, prior to confirmation, the "proponent of a plan may modify such plan at any time prior to confirmation . . . After the proponent of a plan files a modification of such plan with the court, the plan as modified becomes the plan." 11 U.S.C. § 1127(a) (2008). By this Plan Modification, the Debtor hereby modifies the Plan with the following modification(s) which, with the filing of this Modification, hereby becomes a part of the Plan and changes, amends, and modifies the Plan (without prejudice to additional potential modifications to the Plan):

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

## A.     Treatment of 87STE Secured Claim

Section 2.45 is deleted and replaced with the following language:

> 2.45.   "**Initial Plan Payment**" means the payment of $550,000 made by the Plan Funder to acquire the New Equity Interests of the Reorganized Debtor.

Section 4.3(b)(ii) of Article IV.B is deleted and replaced with the following language:

> ii.     $250,000.00 paid no later than the Plan Effective Date, and a new note bearing a principal amount equal to the amount of the Allowed Class 3 Claim less $250,000.00, including: (1) interest at 9.75% per annum from the Petition Date through the Plan Effective Date; and (2) any reasonable attorneys fees incurred by the Holder of the Class 3 Claim and allowed by the Bankruptcy Court, with such note having an amortized term of thirty-six (36) months and with interest after the Plan Effective Date at 9.75% per annum. The new note shall provide for monthly interest-only payments during the Initial Plan Period and equal monthly payments of principal and interest during the Secondary Plan Period. The new note shall be secured by a Lien against the Property in the same priority as before the Petition Date. Without admission to the validity or amount of the Allowed 87STE Secured Claim (to which Debtor reserves all rights with respect to such claims) and based on the alleged total amount due of $6,567,786.08 as of the Petition Date (as stated in the Proof of Claim [Claim No. 6] and inclusive of post-petition interest, the Debtor estimates that the monthly interest-only payments during the Initial Plan Period shall be $55,964.72 per month and the principal and interest payments during the Secondary Plan Period shall be $317,050.47 per month.

## B.     Other Plan Terms

Section 2.61 is deleted and replaced with the following language:

> 2.61.   "**Plan Funder**" means the Person or Entity who makes the Initial Plan Payment and Exit Funding commitment. The Plan contemplates that 2M will be the Plan Funder. MM 8787 MK, LLC, a Texas limited liability company, has been formed as a special purpose entity to own the New Equity Interests. 2M owns a 99% member interest in MM 8787 MK, LLC. Both entities are affiliates of CADG. Mehrdad Moayedi and Steven Shelley will be the officers of MM 8787 MK, LLC and the Reorganized Debtor.

Article V.D is deleted and replaced with the following language:

> Except as otherwise provided in the Plan, the Reorganized Debtor shall continue to exist after the Plan Effective Date as an Entity with all the powers of a limited liability company pursuant to the applicable law in the State of Texas, in which the Debtor is formed. On the Plan Effective Date, all existing equity Interests in the Debtor shall be cancelled and the Reorganized Debtor shall issue the New Equity Interests to the Plan Funder.
>
> The Reorganized Debtor's operating agreements in effect prior to the Plan Effective Date shall be cancelled effective on the Plan Effective Date, except to the extent such

operating agreements are amended under the Plan or otherwise, and to the extent such documents are amended, such documents are deemed to be amended pursuant to the Plan and require no further action or approval (other than any requisite filings required under applicable state, provincial, or federal law).

The officers of the Reorganized Debtor will be Mehrdad Moayedi and Steven Shelley. The manager of the Reorganized Debtor will be MM 8787 MK, LLC. Leobardo Trevino will consult for the Reorganized Debtor on an informal basis without direct compensation to aid in the transition and to promote the success of the Plan, with his benefit for doing so indirectly derived from the prospective payment to the Class 7 Non-Debtor Affiliate Claims in which entities with which he is associated are claimants.

DATED:        September 5, 2025              **LAW OFFICES OF FRANK J. WRIGHT, PLLC**

By:   */s/ Frank J. Wright*
          Frank J. Wright
          Texas Bar No. 22028800
          Jeffery M. Veteto
          Texas Bar No. 24098548

1800 Valley View Lane, Suite 250
Farmers Branch, Texas 75234
Telephone: (214) 935-9100
Email:        frank@fjwright.law
                  jeff@fjwright.law

**COUNSEL THE DEBTOR**


**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2025, a true and correct copy of the foregoing document was served on all parties consenting to electronic service of this case *via* the Court's *ECF system* for the Northern District of Texas.

          */s/ Frank J. Wright*
          Jeffery M. Veteto

Frank J. Wright
Texas Bar No. 22028800
Jeffery M. Veteto
Texas Bar No. 24098548
**LAW OFFICES OF FRANK J. WRIGHT, PLLC**
1800 Valley View Lane, Suite 250
Farmers Branch, Texas 75234
Telephone: (214) 935-9100
Email:  frank@fjwright.law
        jeff@fjwright.law

**COUNSEL FOR THE DEBTOR**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No.: 25-31144-sgj11 |
| | § | |
| 8787 Ricchi LLC, | § | Chapter 11 |
| | § | |
| Debtor. | § | |

## NOTICE OF FILING SECOND PLAN MODIFICATION TO THE
## SECOND AMENDED PLAN OF REORGANIZATON FOR 8787 RICCHI LLC

**PLEASE TAKE NOTICE** that on July 31, 2025, 8787 Ricchi LLC, debtor-in-possession, (the "Debtor") filed the solicitation version of its *Second Amended Joint Plan of Reorganization for 8787 Ricchi LLC* [Dkt. No. 104] (and as may be further, amended, modified, and/or supplemented, the "Plan").[1]

**PLEASE TAKE FURTHER NOTICE** that on September 5, 2025, the Debtor filed its first *Notice of Filing Plan Modification to the Second Amended Plan of Reorganization for 8787 Ricchi LLC* [Dkt. No. 115].

**PLEASE TAKE FURTHER NOTICE** that the Debtor hereby files this plan modification to the Plan (the "Plan Modification"). Section 1127(a) of the Bankruptcy Code provides that, prior to confirmation, the "proponent of a plan may modify such plan at any time prior to confirmation . . . After the proponent of a plan files a modification of such plan with the court, the plan as modified becomes the plan." 11 U.S.C. § 1127(a) (2008). By this Plan Modification, the Debtor hereby modifies the Plan with the following modification(s) which, with the filing of this Modification, hereby becomes a part of the Plan and changes, amends, and modifies the Plan (without prejudice to additional

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

potential modifications to the Plan):

## A.   The Secondary Plan Period

Section 1.2(d) is deleted and replaced with the following language

(d)   **Secondary Plan Period**. In the event that a Refinance Transaction does not occur during the Initial Plan Period, the Reorganized Debtor will make further periodic payments under the Plan during the Secondary Plan Period (24 months). During the Secondary Plan Period, certain Classes of Allowed Claims shall receive payments of principal and interest until such claims are satisfied in full under the Plan. The Reorganized Debtor shall continue to pursue a Refinance Transaction during the Secondary Plan Period, if such period is triggered under the Plan.

Section 2.76 is deleted and replaced with the following language:

2.76   "**Secondary Plan Period**" means the twenty-four (24) months commencing on the first month following the end of the Initial Plan Period. The Secondary Plan Period will only occur if a Refinancing Transaction has not occurred during the Initial Plan Period.

## B.   Change to Class 5 Treatment

Section 4.5(b)(iii) of Article IV.B is deleted and replaced with the following language:

iii.   a new note bearing a principal amount equal to the amount of the Allowed Class 5 Claim, including interest at the Plan Rate from the Petition Date through the Plan Effective Date, with an amortized term of thirty-six (36) months and with interest on such Allowed Class 5 Claim after the Plan Effective Date at the Plan Rate. The new note shall provide for monthly interest-only payments during the Initial Plan Period and equal monthly payments of principal and interest during the Secondary Plan Period. The new note shall be secured by a Lien against the Property in the same priority as pre-Petition Date.

DATED:   September 8, 2025          **LAW OFFICES OF FRANK J. WRIGHT, PLLC**

By*:   /s/ Frank J. Wright*
          Frank J. Wright
          Texas Bar No. 22028800
          Jeffery M. Veteto
          Texas Bar No. 24098548

          1800 Valley View Lane, Suite 250
          Farmers Branch, Texas 75234
          Telephone: (214) 935-9100
          Email:      frank@fjwright.law
                        jeff@fjwright.law

          **COUNSEL THE DEBTOR**

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2025, a true and correct copy of the foregoing document was served on all parties consenting to electronic service of this case *via* the Court's *ECF system* for the Northern District of Texas.

_/s/ Frank J. Wright_
Frank J. Wright